UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **BRISA MAX SERVICES, LLC,** | § | |
| | § | |
| **Plaintiff,** | § | |
| v. | § | |
| | § | Civil Action No. 4:23-cv-00472 |
| **LEARJET INC.,** | § | |
| | § | |
| **Defendant.** | § | |

**DEFENDANT'S UNOPPOSED MOTION
FOR EXTENSION OF RESPONSIVE PLEADING DEADLINE**

Defendant Learjet Inc. files this Unopposed Motion for Extension of Responsive Pleading Deadline, and requests that the Court extend its May 1, 2023 deadline to file a responsive pleading to Plaintiff's Complaint to 14 days following the Court's disposition of a forthcoming Agreed Motion to Transfer Venue of this action to the Fort Lauderdale Division of the Southern District of Florida.

**Introduction**

The parties have agreed to request the transfer of this action to the Fort Lauderdale Division of the United States District Court of the Southern District of Florida. As part of the parties' conference relating to transfer, Plaintiff has agreed to Defendant's request to extend the deadline to file a responsive pleading until 14 days after the Court rules on the Motion to Transfer.

### Statement of the Nature and Stage of the Proceeding

This is a civil action arising out of alleged damage to Plaintiff's aircraft while in the possession of Defendant at a facility in Fort Lauderdale, Florida. The case is in its infancy. Discovery has not yet commenced.

### Statement of Facts Necessary to Resolution of the Motion

Plaintiff brought suit against Defendant in the Houston Division of the Southern District of Texas relating to maintenance performed on Plaintiff's aircraft at Defendant's facility in Fort Lauderdale, Florida. (Dkt. 1 at 2-4, ¶¶ 6, 11-16). Defendant agreed to accept service on February 28, 2023. (Dkt. 7). The deadline to file a responsive pleading is May 1, 2023, the first business day after the 60th day from acceptance of service, which fell on a weekend. *See* Fed. R. Civ. P. 4(d)(3); Fed. R. Civ. P. 6(a)(1).

On April 24, 2023, Defendant's counsel reached out to confer with Plaintiff's counsel on a motion to dismiss and/or transfer to the Fort Lauderdale Division of the Southern District of Florida under Federal Rule of Civil Procedure 12(b)(3), 28 U.S.C. 1406(a), or 28 U.S.C. § 1404(a). Defendant's counsel provided a draft of Defendant's Motion on April 26, 2023. On April 28, 2023, Plaintiff's counsel informed Defendant's counsel that Plaintiff would agree to the requested transfer. Defendant's counsel is currently preparing an agreed version of the motion, to be filed in short order.

Now that the parties have agreed to a transfer, Plaintiff also agreed that it would not oppose Defendant's request to extend the deadline to file a responsive pleading until 14 days after the Court's disposition of the agreed-upon request to transfer. By way of this Unopposed Motion, Defendant requests that the Court extend Defendant's deadline to file

a responsive pleading to the Complaint to 14 days after the Court disposes of the Motion to Transfer.

## Statement of the Issue Requiring Resolution

The issue requiring resolution is whether the Court should grant Defendant's unopposed request to extend the deadline for Defendant to file a responsive pleading to Plaintiff's Complaint from May 1, 2023 until 14 days after the Court rules on the now-agreed-upon motion to transfer this case to the Fort Lauderdale Division of the Southern District of Florida.

## Standard of Review

The district court's decision on the extension of a deadline is reviewed for abuse of discretion. *In re Deepwater Horizon*, 716 Fed. Appx. 373, 374 (5th Cir. 2018).

## Argument

Following an extensive conference required by the Court's procedures, Plaintiff has consented to transfer this case. There is thus no need for Defendant to move to dismiss this case for improper venue under Federal Rule of Civil Procedure 12(b)(3) (as it originally intended), which would have extended the deadline to file a responsive pleading until the disposition of the motion. *See* Fed. R. Civ. P. 12(a)(4)(A). Now that Plaintiff has agreed to a transfer, Defendant, with no opposition from Plaintiff, requests an extension of the answer deadline from May 1, 2023 to 14 days after the Court disposes of the forthcoming motion to transfer venue.

So long as a deadline has not expired at the time of the request for an extension, the Court may extend a deadline for good cause. Fed. R. Civ. P. 6(b)(1)(A). Here, there is good cause for an extension of the responsive pleading deadline for multiple reasons.

First, Defendant's need to file a responsive pleading besides one under Rule 12(b)(3) only became apparent on April 28, 2023, one business day before the deadline, when Plaintiff agreed to the alternative relief of transfer to the Southern District of Florida. The motion to dismiss and/or transfer was prepared as of that date, and Defendant did not intend to file a responsive pleading until after that issue was decided, as authorized by Rule 12(a)(4)(A). Additional time is necessary to file a responsive pleading to Plaintiff's Complaint that addresses its merits, as opposed to the procedural issue of venue.

Second, Defendant is currently considering whether a counterclaim relating to maintenance for which Plaintiff has not paid should be brought. If such a claim is to be brought as part of a responsive pleading, it must be brought in Florida, as required by the forum selection clause governing Plaintiff's claims. Defendant did not intend to file such a claim in this venue in violation of that provision of the parties' agreement unless the Court's denial of a motion to transfer required it. Extending the deadline until after an agreed-upon transfer ensures no such violation takes place.

Third, the parties have agreed upon the relief sought herein, showing there is no prejudice to any party to the relief sought.

Accordingly, there is good cause for the extension requested herein, and Defendant respectfully requests that the Court grant this Motion and extend its responsive pleading

deadline until 14 days after the Court rules on the issue of whether this case should be transferred to the Fort Lauderdale Division of the Southern District of Florida.

## Conclusion

WHEREFORE, Defendant respectfully requests that this Court grant this Motion and extend Defendant's deadline to file a responsive pleading to Plaintiff's Complaint until 14 days after the Court rules upon whether to transfer this case to the Fort Lauderdale Division of the Southern District of Florida.

Dated: May 1, 2023                           Respectfully submitted,

/s/ Don Swaim
Don Swaim
Texas Bar No. 19545200
Alex J. Whitman
Texas Bar No. 24081210
**CUNNINGHAM SWAIM, LLP**
4015 Main Street, Suite 200
Dallas, Texas 75226
Tel: (214) 646-1495
Fax: (214) 613-1163
dswaim@cunninghamswaim.com
awhitman@cunninghamswaim.com

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF WORD COUNT

The undersigned certifies that this Motion contains 998 words, according to the Word Count function provided by the word processing system that was used to compile this document, exclusive of the case caption, table of contents, table of authorities, signature block and certificates.

/s/ Don Swaim
Don Swaim

## **CERTIFICATE OF CONFERENCE**

The undersigned certifies that counsel for Defendant conferred with counsel for Plaintiff on April 28, 2023 via email. Plaintiff is unopposed to the relief sought herein.

>	*/s/ Don Swaim*
>	Don Swaim

## **CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of this document is being served via CM/ECF in accordance with the applicable Local Rules and Federal Rules of Civil Procedure on May 1, 2023.

>	*/s/ Don Swaim*
>	Don Swaim